1  REBECCA ARAGON, Bar No. 134496
   raragon@littler.com
2  LITTLER MENDELSON, P.C.
   633 West 5th Street
3  63rd Floor
   Los Angeles, CA  90071
4  Telephone: 213.443.4300
   Facsimile:  213.443.4299
5
   Attorneys for Defendant
6  CARVANA, LLC

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10 | RONELL KOEPPEN, individually, and | Case No.    21-1951
   | on behalf of other members of the |
11 | general public similarly situated, | ASSIGNED FOR ALL PURPOSES TO
   |                                    | THE HONORABLE
12 |                Plaintiff,          |
   |                                    | **DEFENDANT CARVANA, LLC'S**
13 | v.                                 | **NOTICE OF REMOVAL OF CIVIL**
   |                                    | **ACTION TO FEDERAL COURT**
14 | CARVANA, LLC, an unknown           |
   | business entity; and DOES 1 through| **[28 U.S.C. §§ 1332, 1441, & 1446]**
15 | 100, inclusive,                    |
16 |                                    | Complaint Filed:  December 16, 2020
   |                Defendants.         | (Alameda Superior Court)
17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

1.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND PLAINTIFF'S ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Carvana, LLC ("Defendant") removes the above-captioned action from the Superior Court of the State of California, County of Alameda, to the United States District Court, Northern District of California, pursuant to 28 U.S.C. sections 1332(d) (Class Action Fairness Act of 2005), 1441(b), and 1446 on the following grounds:

## I.   STATEMENT OF JURISDICTION

1.   This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.   VENUE

2.   This action was filed in the Superior Court for the State of California, County of Alameda.  Accordingly, venue properly lies in the United States District Court for the Northern District of California, San Francisco/Oakland Division, pursuant to 28 U.S.C. sections 84(c)(3), 1391, 1441, and 1446. Further, Plaintiff alleges the operative acts took place in Alameda, California. Declaration of Rebecca Aragon ("Aragon Decl.") ¶ 10, Ex. 8 (Plaintiff's Complaint), ¶ 5.

## III.   PLEADINGS, PROCESS, AND ORDERS

3.   On December 16, 2020, Plaintiff Ronell Koeppen ("Plaintiff") filed a Class Action Complaint for Damages in the Alameda Superior Court, titled *RONELL*

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

2.

*KOEPPEN, individually, and on behalf of other members of the general public similarly situated, v. CARVANA, LLC, an unknown business entity; and DOES 1 through 100, inclusive,* Case No. RG20084625.  Aragon Decl., ¶ 3, Ex. 1.

4.     On December 16, 2020, Plaintiff filed a Civil Case Cover Sheet.  Aragon Decl., ¶ 4, Ex. 2.

5.     On December 16, 2020, the Clerk of the Superior Court issued a Summons.  Aragon Decl., ¶ 5, Ex. 3.

6.     On January 13, 2021, the Superior Court issued a Notice of Hearing.  Aragon Decl., ¶ 6, Ex. 4.

7.     On February 16, 2021, the Superior Court entered an Order re Complex Determination Hearing.  Aragon Decl., ¶ 7, Ex. 5.

8.     On February 16, 2021, the Superior Court issued Minutes re Complex Determination Hearing.  Aragon Decl., ¶ 8, Ex. 6.

9.     On January 28, 2021, Plaintiff transmitted to Defendant a Notice of Acknowledgment of Receipt via email, which included (1) the Class Action Complaint for Damages, filed on December 16, 2020, (2) Summons, and (3) Civil Case Cover Sheet. Aragon Decl., ¶¶ 3 – 5, 9, Exs. 1 - 3.  The transmittal also included an Addendum to Civil Case Cover Sheet.  Aragon Decl., ¶ 9, Ex. 7.  On February 17, 2021, Defendant served on Plaintiff an executed Notice of Acknowledgment of Receipt via email.  Aragon Decl., ¶ 9.

10.    On February 22, 2021, Plaintiff filed a First Amended Class Action Complaint for Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2798, *et seq.* (the "Complaint").  The Complaint asserts the following 11 causes of action: (1) unpaid overtime, (2) unpaid meal period premiums, (3) unpaid rest period premiums, (4) unpaid minimum wages, (5) final wages not timely paid, (6) wages not timely paid during employment, (7) non-compliant wage statements, (8) failure to keep requisite payroll records, (9) unreimbursed business expenses, (10) violation of California Business & Professions Code §§ 17200, *et seq.*, and (11)

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL                                   3.

violation of Labor Code section § 2698, California Labor Code Private Attorneys General Act of 2004 ("PAGA").  Aragon Decl., ¶ 10, Ex. 8.

11.     On February 24, 2021, the Superior Court issued a Notice of Assignment of Judge for All Purposes.  Aragon Decl., ¶ 11, Ex. 9.

12.     On March 2, 2021, Plaintiff filed a Proof of Service re Notice of Hearing. Aragon Decl., ¶ 12, Ex. 10.

13.     On March 2, 2021, Plaintiff filed a Notice of Posting Jury Fees.  Aragon Decl., ¶ 13, Ex. 11.

14.     On March 8, 2021, Plaintiff filed a Proof of Service of Order re Complex Determination.  Aragon Decl., ¶ 14, Ex. 12.

15.     On March 11, 2021, Plaintiff filed a Report for Case Management Conference.  Aragon Decl., ¶ 15, Ex. 13.

16.     On March 15, 2021, Plaintiff served and purportedly filed a Notice of Acknowledgment.  Aragon Decl., ¶ 16, Ex. 14.

17.     On March 16, 2021, the Superior Court entered Minutes re Case Management.  Aragon Decl., ¶ 17, Ex. 15.

18.     On March 16, 2021, the Superior Court entered an Order re Case Management.  Aragon Decl., ¶ 18, Ex. 16.

19.     On March 18, 2021, Defendant filed an Answer to Plaintiff's Complaint in the Superior Court.  Aragon Decl., ¶ 19, Ex. 17.

20.     Pursuant to 28 U.S.C. § 1446(d), the attached Exhibits 1 - 17 constitute all process, pleadings and orders served on Defendant or filed or received by Defendant in this action. To Defendant's knowledge, no further processes, pleadings, or orders related to this case have been filed in Alameda Superior Court or served by any party. Additionally, to Defendant's knowledge, no proceedings or future hearings related hereto have been heard in Alameda Superior Court. Attached as **Exhibit 18** to Rebecca Aragon's Declaration is a true and correct copy of the Alameda Superior Court's docket to date reflecting all processes, pleadings, and orders served on Defendant or filed with

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

4.

the Court in this action.

## IV.   TIMELINESS OF REMOVAL

21.   An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the Defendant within 30 days of service on defendant of the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).   When service is accomplished via a Notice of Acknowledgment and Receipt, service "is deemed complete on the date a written acknowledgment of receipt of summons is executed . . . ."   Cal. Civ. Proc. § 415.30.

22.   Here, the removal of this action is timely because Defendant filed this Notice of Removal within thirty (30) days from February 17, 2021, when Defendant executed the Notice of Acknowledgment and Receipt of the Complaint, and within one year from the commencement of this action.   28 U.S.C. § 1446(b), (c) (1); *see* Aragon Decl. ¶ 9.

## V.   NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

23.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, a true and correct copy of this Notice will be provided to Plaintiff's counsel of record, Edwin Aiwazian, Lawyers for Justice, PC, 410 West Arden Avenue, Suite 203, Glendale, California 91203. Aragon Decl. ¶ 21. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda. *Id.*

## VI.   REMOVAL JURISDICTION UNDER CAFA

24.   CAFA grants United States district courts original jurisdiction over: (a) civil class action lawsuits filed under federal or state law; (b) where the alleged class is comprised of at least 100 individuals; (c) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (d) where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

5.

CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by the filing of this Notice of Removal.

**A.    Plaintiff Filed A Class Action Under State Law**

25.    Plaintiff filed the Complaint as a class action based on alleged violations of California state law. *See* Complaint.

**B.    The Proposed Class Contains At Least 100 Members**

26.    CAFA provides this Court with jurisdiction over a class action when "the number of members of all proposed plaintiff classes in the aggregate [is not] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). This requirement is easily met in this case.

27.    Here, Defendant's internal records demonstrate that there are well over 100 putative class members in this case.

28.    Plaintiff filed this action on behalf of himself and "[a]ll current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from December 16, 2016 to final judgment and who reside in California." Complaint, ¶ 12. In addition, Plaintiff alleges that the "class is estimated to be greater than fifty (50) individuals . . . ." Complaint, ¶ 14(a). [1]

29.    According to the class definition, and based on a review of Defendant's records through March 1, 2021 from someone with personal knowledge of Defendant's record keeping practices, Defendant can confirm that it employed no fewer than 449 hourly, nonexempt employees in its California locations during the putative class period

---

[1] Defendant disputes that Plaintiff is able to represent these employees on a class basis, particularly those who worked in different job classifications and facilities than Plaintiff. This Notice of Removal assumes Plaintiff's class definition as set forth in the Complaint for purposes of removal, but Defendant does not concede that such a class definition is appropriate in this case.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

6.

of December 16, 2016 to March 1, 2021.  *See* Declaration of Rob Schmitt in Support of Defendant's Notice of Removal ("Schmitt Decl."), ¶ 4.

### C. **Defendant Is Not A Governmental Entity**

30.    Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

31.    Here, Defendant is a limited liability company, not a state, state official, or other government entity exempt from CAFA. Declaration of Mia Singer in Support of Defendant's Notice of Removal ("Singer Decl."), ¶ 3.

### D. **There Is Diversity Between At Least One Class Member And One Defendant**

32.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes, and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 340 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal. *See Strotek Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1130-1131 (9th Cir. 2002). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

33.    For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that person's domicile is the place she resides with the intention to remain). Furthermore, allegations of residency in a state court complaint create a rebuttable presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994) (allegation by party in state court complaint of residency "created

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

7.

a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-OWW-GSA, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (finding a place of residence provides "'prima facie' case of domicile").

### a. Plaintiff is a citizen of California

34.    In the instant action, Plaintiff has at all times been a resident of California.

35.    Plaintiff alleges that Defendant "employed Plaintiff as an hourly-paid, non-exempt employee, from approximately January 2020 to approximately July 2020, in the State of California, County of Alameda."   Complaint, ¶ 24.    In addition, Plaintiff's employment records with Carvana reflect that, at all relevant times, he provided a home address in California, and through his employment with Carvana, worked in an was physically present at the job site in California.  Schmitt Decl., ¶ 5.

36.    Defendant has thus established by a preponderance of the evidence that Plaintiff resides and is domiciled in California, and is, thus, a citizen of California. *Lew*, 797 F.2d at 751; *Smith*, 2008 WL 744709, at *7; *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

### b. Defendant is not a citizen of California

37.    Defendant is not a citizen of California. Section 1332(d)(10) of CAFA provides that, "[f]or purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); *Ramirez v. Carefusion Resources, LLC*, 2019 WL 2897902, at *2-3 (S.D. Cal. July 5, 2019) (holding that unincorporated associations under CAFA include LLCs) ("Moreover, to apply the traditional diversity rule holding that LLCs are citizens of

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

8.

every state in which their members are domiciled would likely undermine Congress's intent to facilitate adjudication of certain class actions in federal court by excluding from federal adjudication the vast majority of class actions brought against LLCs."); *see Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010); *Heckemeyer v. NRT Missouri, LLC*, No. 4:12CV01532 AGF, 2013 WL 2250429, at *5-*6 (E.D. Mo. May 22, 2013) ("Congress chose to treat LLCs like corporations for purposes of determining citizenship under CAFA.").

38.     Defendant is, and was at the time this action was commenced, organized under the laws of the State of Arizona.  Singer Decl., ¶   3.  Defendant maintains its principal place of business in Arizona, which is where the Defendant's corporate headquarters are located and where Defendant's corporate books are maintained. *Id.* Defendant's executive and administrative offices are also located in Arizona.  *Id.*

39.     The presence of Doe defendants in this case has no bearing on diversity with respect to removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

40.     Accordingly, the named Plaintiff is a citizen of the State of California, while Defendant is a citizen of the State Arizona. Therefore, complete diversity exists for purposes of CAFA jurisdiction because the named parties are citizens of different states. 28 U.S.C. §§ 1332(d)(2)(A), §1453.

**E.     The Amount In Controversy Exceeds \$5,000,000[2]**

41.      This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds \$5,000,000. 28 U.S.C. § 1332(d).

42.     The Supreme Court, in *Dart Cherokee Basin Operating Co. v. Owens*, 135

---

[2] The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

S. Ct. 547 (2014), recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554. Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* Otherwise, "the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.* at 549-50.

43.     "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" the jurisdictional minimum. 28 U.S.C. § 1332(d)(6). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

44.     For purposes of determining whether a defendant has satisfied the amount in controversy requirement, the Court must presume that the Plaintiff will prevail on the claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "'plaintiff prevails on liability'") (other internal citation omitted)). The ultimate inquiry is what amount is put "in controversy" by plaintiff's complaint, not what defendant might actually owe. *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Inv., Inc.* 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants are still free to challenge the actual amount of damages at trial because they are only estimating the amount in controversy); *Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL                    10.

complaint); *Patel v. Nike Retail Servs.,* 58 F. Supp. 3d 1032, 1040 (N.D. Cal. 2014) ("But a defendant is not required to admit, and is certainly not required to prove, the truth of plaintiff's assertions before invoking diversity jurisdiction.").

45.     Defendant denies the validity and merit of Plaintiff's claims, the legal theories they are based upon, and Plaintiff's request for monetary and other relief. For purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties whatsoever, it is apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

46.     Plaintiff asserts eleven causes of action on behalf of a class of all current and former non-exempt employees of Defendants in the State of California. *See* Complaint. In the Prayer for Relief, Plaintiff seeks damages including compensation for unpaid wages and overtime, premium wages, penalties, interest, special damages, liquidated damages, injunctive relief, attorneys' fees and costs, and punitive damages. Complaint, Prayer for Relief ¶¶ 1-60.

### a.     Plaintiff's Unpaid Overtime Claim Places At Least $364,187.88 Into The Amount In Controversy.

47.     Plaintiff alleges in the First Cause of Action on behalf of the putative class that "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members." Complaint, ¶ 59.

48.     California Labor Code § 510 requires that employers pay nonexempt employees one-and-one-half times their regular rate for all hours worked over eight in a day or 40 in a week.  Additionally, nonexempt employees must be paid one-and-one-half times their regular rate for the first eight hours worked on the seventh day worked in a single workweek. Employers must also pay double time for all hours worked over 12 in a day, and for all hours worked in excess of eight on the seventh consecutive day of work in a single workweek. Cal. Lab. Code § 510(a). The statutory period for recovery under California Labor Code section 510 is calculated under a four-year statute

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL                    11.

of limitations. *See* Cal. Code Civ. Proc. § 338(a) (setting a three-year period); Cal. Bus. & Prof. Code § 17208 (the three-year statute of limitations can be extended to four years through the pleading of a companion claim under the UCL).

49.     Plaintiff seeks unpaid overtime wages for off-the-clock work on behalf of every class member as a matter of policy and practice. To determine the monetary amount in controversy for Plaintiff's overtime claim, the total number of hours worked unpaid by Plaintiff and the putative class that would have been considered overtime hours is multiplied by one and one-half times their respective regular rates of pay rate in effect during the time the overtime was allegedly worked.

50.     The average hourly rate for current non-exempt employees as of March 1, 2021 who worked in Defendant's California locations was approximately $18.76 per hour, and therefore an overtime rate of approximately $28.14 per hour. Schmitt Decl. ¶ 4. The putative class of approximately 449 individuals were employed an estimated 12,942 weeks between December 16, 2016 (four years prior to the date of filing, per the statute of limitations) and March 1, 2021. Schmitt Decl. ¶ 4. Conservatively assuming that Plaintiff alleges each class member worked one uncompensated overtime hour per week, the total Plaintiff seeks for uncompensated overtime is **$364,187.88.** This amount is calculated as follows: 12,942 workweeks x $28.14 per hour  x 1 overtime hour per week.

51.     In sum, although Defendant vigorously denies Plaintiff's allegations, including the alleged damages, if Plaintiff were to prevail on the overtime claim, the amount in controversy with respect to that claim alone could be more than $364,187.88.

### b.     Plaintiff's Meal And Rest Break Claims Place At Least $2,427,919.20 Into The Amount In Controversy.

52.     Plaintiff alleges in the Second Cause of Action and Third Cause of Action on behalf of the putative class that "[d]uring the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members."  Complaint, ¶ 44.  In addition, as to the Second Cause of Action,

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

12.

"Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7." Complaint, ¶ 70. Similarly, as to the Third Cause of Action, "Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7." Complaint, ¶ 79.

53. Based on Defendant's review of records, Defendant employed no fewer than a total of 449 hourly, nonexempt employees working in its California locations during the putative class period of December 16, 2016 to March 1, 2021. Schmitt Decl., ¶ 4. The average hourly rate earned by current hourly non-exempt employees who work in the Defendant's California locations is approximately $18.76 per hour. *Id.* These individuals were collectively employed a total of approximately 12,942 workweeks from June 25, 2016 through March 1, 2021. *Id.*

54. As explained above, Plaintiff alleges Defendant failed to provide "all" meal and rest breaks, and Plaintiff accordingly asserts a 100% violation rate (*i.e.*, that Defendant would be liable for a meal period violation for each shift that was more than 5 hours; and that Defendant would be liable for a rest period violation for each shift that was more than 4 hours). Complaint, ¶ 43; s*ee also Duberry v. J. Crew Group, Inc.*, Case No. 2:14-cv-08810-SVW-MRW, 2015 U.S. Dist. LEXIS 99171, * 7 (C.D. Cal. Jul. 28, 2015) (100% violation rate may be based on allegations of a uniform noncompliant practice); *Batta v. YRC, Inc.*, 2021 WL 677903, at *1 (C.D. Cal. Feb. 19, 2021) (allegation that defendant failed to provide "all" breaks warranted 100% violation rate).

55. If an employer fails to provide an employee a meal or a rest period in accordance with California law, the employer must pay one additional hour of pay at the employee's regular rate of pay for each workday that the meal or rest period are not provided. Cal. Labor Code, § 226.7.

56. Plaintiff's cause of action for violating the UCL extends the statute of limitations on Plaintiff's meal and rest break causes of action to four years, back to

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

13.

December 16, 2016. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal.4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL). As such, the class period runs from December 16, 2016 through the date trial.

57.     Therefore, the potential liability for Plaintiff's meal break claim for the statutory period of December 16, 2016 through March 1, 2021 amounts to approximately $**1,213,959.60**. This amount is calculated as follows: 12,942 workweeks x 5 meal period violations per week x $18.76 average meal period penalty per violation.

58.     Finally, the potential liability for Plaintiff's rest break claim for the statutory period of June 25, 2016 through March 1, 2021 amounts to approximately $**1,213,959.60**. This amount is calculated as follows: 12,942 workweeks x 5 rest period violations per week x $18.76 average rest period penalty per violation.

59.     Accordingly, the meal and rest breaks combined add $**2,427,919.20** into the amount in controversy.

              **c.**    **Plaintiff's Unpaid Wages And Liquidated Damages Claim Places At Least $971,167.68 Into The Amount In Controversy.**

60.     In the Fourth Cause of Action, Plaintiff alleges that "[d]uring the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1." Complaint, ¶ 84.

61.     Although Plaintiff does not allege any factual details for this claim, Plaintiff seeks unpaid wages for off-the-clock work (since Plaintiff's hourly rate well exceeded the minimum wage) on behalf of every class member as a matter of policy and practice.

62.     According to Defendant's records, Defendant employed no fewer than a total of 449 hourly, nonexempt employees in its California locations during the putative class period of December 16, 2016 to March 1, 202.  Schmitt Decl., ¶ 4.  These individuals were collectively employed for approximately 12,942 workweeks between

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL    14.

December 16, 2016 and March 1, 2021. *See Cortez*, 23 Cal. 4th at 179; Schmitt Decl., ¶ 4. The average hourly wage for current employees working in Defendant's California locations as of March 1, 2021 is approximately $18.76 per hour. Schmitt Decl. ¶ 4. Applying a conservative assumption that Plaintiff and the putative class seeks 2 hours per week of wages for off-the-clock work at the average hourly wage of $18.76 (not duplicative of the above overtime claim), then Plaintiff therefore seeks a sum of at least **$485,583.84** on behalf of the putative class. This amount is calculated as follows: 12,942 workweeks x $18.76 per hour x 2 hours per week.

63. In addition, Plaintiff alleges that "[p]ursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." Therefore, this places an additional **$485,583.84** in the amount of controversy, which is an amount equal to the allegedly unpaid wages.

64. Therefore, Plaintiff's claim to unpaid wages, and consequential liquidated damages, places **$976,195.36** into the amount in controversy.

### d. Plaintiff's Claim For Waiting Time Penalties Places At Least $792,422.40 Into The Amount In Controversy.

65. Plaintiff's Fifth Cause of Action is for statutory waiting-time penalties under California Labor Code sections 201-203. Complaint, ¶¶ 88-93. Plaintiff contends "[d]uring the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members their wages, earned and unpaid, within seventy-two (72) hours of Plaintiff and the other class members leaving Defendants' employ." *Id.* at ¶ 90. The statute of limitations for Plaintiff's Cal. Lab. Code § 203 waiting time penalty claim is three years. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1382, 1935 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages").

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308
DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL
15.

66.     Plaintiff demands up to thirty (30) days of pay as penalty for not paying all wages due at time of termination for the putative class. Complaint, ¶ 93.

67.     Defendant denies the validity and merit of Plaintiff's waiting time penalties claim. However, for purposes of removal, based on a preliminary review of its records, Defendant estimates that 176 employees have separated from employment since December 16, 2017. Schmitt Decl., ¶ 4. The average hourly rate for current employees as of March 1, 2021 is $18.76. *Id.*

68.     Although Defendant denies Plaintiff's allegations, including any alleged damages, based on the reasonable assumption that the putative class members would receive waiting time penalties for thirty days, an estimate of the amount in controversy related solely to waiting time penalties is **$792,422.40**. This amount is calculated as follows: 8 hours/day x 30 days x $18.76 average hourly rate x 176 employees = 792,422.40.

> **e.     Plaintiff's Wage Statement Penalty Claim Places At Least $467,100.00 Into The Amount In Controversy.**

69.     Plaintiff's Seventh Cause of Action is for wage statement penalties under California Labor Code section 226. Complaint, ¶¶ 100-106. Plaintiff alleges that "Defendants intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements." *Id.* at 102.

70.     Section 226 provides for a $50 penalty for the each pay period in which an initial violation occurs per employee, and $100 for each subsequent violation per employee, up to $4,000. California Labor Code section 226 has a one-year statute of limitations. Cal. Code Civ. Proc., § 340(a).

71.     Defendant's hourly, non-exempt employees who work in California are issued wage statements every other week.  Schmitt Decl. ¶ 4. According to Defendant's records, between December 16, 2019 and March 1, 2021, Defendant potentially issued approximately 4,859 wage statements to approximately 376 employees. *Id.*

72.     Potential liability for Plaintiff's claim for wage statement penalties

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

16.

amounts to at least **$467,100.00.** This amount is calculated as follows: ($50 X 376 wage statements) + ($100 X 4,483 wage statements).[3]

> **f.     Plaintiff's Business Expense Reimbursement Claim Places At Least $161,775.00 Into The Amount In Controversy.**

73.     Plaintiff's Ninth Cause of Action for failure to reimburse for necessary expenditures alleges that "Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

74.     According to Defendant's records, Defendant employed an estimated 449 individuals for approximately 12,942 workweeks between December 16, 2016 and March 1, 2021.  In the event Defendant failed to reimburse $12.50 per week in necessary expenses, this places at least **$161,775.00** into the amount in controversy.  This amount is calculated as follows: 12,942 weeks X $12.50.

> **g.     The Ninth Circuit's Benchmark Of 25 Percent Of The Amount Recoverable For An Award Of Attorneys' Fees In Class Actions Requires Over $1 Million To Be Added To The Amount In Controversy.**

75.     Plaintiff seeks to recover attorneys' fees by way of the Complaint. *See* Prayer for Relief, ¶¶ 8, 15, 27, 51, 56. It is well settled that, in determining whether a complaint meets the amount in controversy requirement, a court should consider the aggregate value of claims *as well as* attorney's fees. *See, e.g.*, *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238 (1943); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). In fact, the Ninth Circuit has an established benchmark of 25

---

[3] Because there are approximately 52 weeks (or approximately 26 pay periods) between December 16, 2019 through December 16, 2020, no individual class member has reached the $4,000 maximum on penalties provided for under Labor Code section 226. That is, assuming liability over 26 pay periods for any given employee, this would amount to $2,550, specifically $50 in damages for an initial violation in the first pay period, and $2,500 in damages for each of the subsequent 25 pay periods.  Moreover, Defendant denies that Plaintiff is able to recover damages for any alleged "subsequent" violation.

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

17.

percent of the amount recoverable for an award of attorneys' fees in class actions. *See Staton v. Boeing Co*., 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1029 (9th Cir. 1998) (same). This 25 percent figure has been repeatedly relied upon by the courts to determine the amount in controversy for removal purposes. *Altamirano v. Shaw Indus., Inc*., No. C-13-0939 EMC, 2013 WL 2950600, at *13 (N.D. Cal. June 14, 2013) (including 25 percent attorneys' fees to increase the amount in controversy to above $5 million CAFA threshold); *Giannini v. Nw. Mut. Life Ins. Co*., No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (same).

76.    In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be 25 percent to 30 percent of the settlement and, thus even a conservative estimate of attorneys' fees in this matter would be far in excess of $1 million.[4]

77.    Furthermore, in affirmatively ruling that attorney's fees "may be included in the amount in controversy," see *Galt G/S*, 142 F.3d at 1155, the Ninth Circuit "must have anticipated that district courts would project fees beyond removal." *Simmons*, 209 F. Supp. 2d at 1034-35. Just as the "court determines the amount in controversy based on the damages that can reasonably be anticipated at the time of removal," it also must "measure . . . fees . . . that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id.*; *see also Cagle*, 2014 WL 651923, at *10-11 (holding that an estimate of the amount of attorney hours through trial was a reasonable

---

[4] *See Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1.2 million (25 percent)); *Burns v. Merrill Lynch*, N.D. Cal. No. 3:04-cv-04135 (August 2005) (approving $37 million settlement for claims of failure to pay overtime; attorneys' fees of $9.25 million (25 percent)); *Coldiron v. Pizza Hut-Yum! Brands, Inc.*, C.D. Cal. No. 03-5865 (June 2006) (approving $12.5 million settlement for alleged improperly classified restaurant managers as exempt from overtime with attorneys' fees of $3.125 million (25 percent)); *Mousai v. E-Loan, Inc.*, N.D. Cal. No. 3:06-cv-01993-SI (January 12, 2007) (preliminary approval of settlement of $13.6 million for claims of unpaid overtime, and meal and rest break violations; attorneys' fees award estimated at $3.4 million (25%)).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL                                    18.

estimate for purposes of determining amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (holding that for determining amount in controversy, attorneys' fees should be assessed through trial, and finding amount in controversy met in part by reasonable estimate of fees). Therefore, the Court may consider a 25 percent attorney's fees award for the purposes of calculating the amount in controversy.

## VII.   SUMMARY OF AMOUNT IN CONTROVERSY[5]

78.    Based on Plaintiff's allegations, the amount in controversy for just unpaid overtime, unpaid minimum wages, meal and rest break premiums, waiting time penalties, unpaid business expenditures, and wage statement penalties is **$5,184,572.16**. This subtotal far exceeds $5,000,000 absent any inclusion of attorneys' fees. However, taking into account attorneys' fees at the benchmark percentage of 25 percent further increases the amount in controversy by **$1,296,143.04** for a total amount in controversy of **$6,480,715.20**.

79.    Removal of this action is therefore proper, as the aggregate value of Plaintiff's class causes of action for unpaid minimum wages, unpaid overtime, meal and rest break premiums, waiting time penalties, wage statement penalties, and attorneys' fees are well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2):

| Plaintiff's Alleged Claim | Amount in Controversy |
| --- | --- |
| Unpaid Overtime | $364,187.88 |
| Meal Break Premiums | $1,213,959.60 |
| Rest Break Premiums | $1,213,959.60 |

---

[5] Plaintiff also allege class action claims for wages not timely paid during employment (Sixth Cause of Action), failure to keep requisite payroll records (Eighth Cause of Action), violation of California Business and Professions Code (Tenth Cause of Action), penalties pursuant to the Private Attorneys General Act (Eleventh Cause of Action), as well as interest on any damages and injunctive relief. *See* Complaint. These claims would only add to the amount in controversy.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL                    19.

| | |
|---|---|
| Unpaid Minimum Wages | $485,583.84 |
| Liquidated Damages for Unpaid Minimum Wages | $485,583.84 |
| Waiting Time Penalties | $792,422.40 |
| Wage Statement Penalties | $467,100.00 |
| Unpaid Business Expenses | $161,775 |
| **TOTAL (w/o attorney's fees)** | **$5,184,572.16** |
| Attorneys' Fees | $1,296,143.04 |
| **AMOUNT IN CONTROVERSY** | **$6,480,715.20** |

80. Accordingly, although Defendant denies Plaintiff's claims as alleged in the Complaint, the jurisdictional minimum is satisfied for purposes of determining the amount in controversy, as it exceeds the $5,000,000 threshold required under CAFA. *See* 28 U.S.C. § 1332(d)(2).

**VIII.  CONCLUSION**

81. For the reasons set forth above, the Complaint is removable to this Court pursuant to 28 U.S.C. § 1332(d).  Pursuant to 28 U.S.C. § 1446(b), the Notice of Removal was filed within thirty (30) days of service on any defendant of a paper providing notice that a basis for removal of this action exists.

82. **WHEREFORE**, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, and requests that this Court assume full jurisdiction over this matter as provided by law.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL

20.

1    Dated:   March 19, 2020                    Respectfully Submitted,

2

3                                              */s/ Rebecca Aragon*
                                              REBECCA ARAGON
4                                              JAMES A. BECERRA
                                              LITTLER MENDELSON, P.C.
5                                              Attorneys for Defendant
                                              CARVANA, LLC
6

7    4834-5098-8000.4

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

DEFENDANT CARVANA, LLC'S
NOTICE OF REMOVAL                              21.