Edwin Aiwazian (Cal. State Bar No. 232943)
    *edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
    *arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
    *joanna@calljustice.com*
Yasmin Hosseini (Cal. State Bar No. 326399)
    *yasmin@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone: (818) 265-1020
Facsimile: (818) 265-1021

*Attorneys for* Plaintiff and the Class

*(margin)* **LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONELL KOEPPEN, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>        Plaintiff,<br><br>    v.<br><br>CARVANA, LLC, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.: 3:21-CV-01951-TSH<br><br>Honorable Thomas S. Hixson<br>Courtroom E<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Settlement Administrator (Nick Castro); Declaration of Class Representative (Ronell Koeppen); [Proposed] Order Granting Final Approval of Class Action Settlement and Judgment filed concurrently herewith]<br><br>Date:        August 22, 2024<br>Time:       10:00 a.m.<br>Courtroom:   E<br><br>Complaint Filed:  December 16, 2020<br>FAC Filed:      February 22, 2021<br>Removed:      March 19, 2021<br>Trial Date:     None Set |

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    **PLEASE TAKE NOTICE** that on August 22, 2024 at 10:00 a.m. or as soon thereafter as

2  the matter may be heard before the Honorable Thomas S. Hixson in Courtroom E of the United

3  State District Court of the Northern District of California, at the San Francisco Courthouse, 450

4  Golden Gate Avenue, San Francisco, California 94102, Plaintiff Ronell Koeppen ("Plaintiff")

5  will, and hereby does, move for an order:

6    1.    The proposed class action settlement described herein and as set forth in the

7  parties' Joint Stipulation of Class Action Settlement and Release and Amendment No.1 to Joint

8  Stipulation of Class Action Settlement and Release (together, "Settlement," "Agreement," or

9  "Settlement Agreement") on the grounds that the Settlement is fair, adequate, and reasonable

10  because:

11    • A Net Settlement Amount of approximately **$652,129.71** will be distributed to the

12     Class Members who did not submit timely and valid Request for Exclusion

13     ("Participating Class Member");

14    • **No Notices of Objections** were submitted to the settlement administrator, ILYM

15     Group ("Settlement Administrator") as of the date of this Motion;

16    • **One (1) Request for Exclusion** was submitted to the Settlement Administrator as of

17     the date of this Motion; and

18    2.    Payment in the amount of **$11,000.00** to the Settlement Administrator, ILYM

19  Group, for Settlement Administration Costs; and

20    3.    Payment in the amount of $7,500.00 to Plaintiff Ronell Koeppen as a Class

21  Representative Enhancement Payment, for his time and effort in representing the Class.

22    This motion is based on the following Memorandum of Points and Authorities; the

23  concurrently-filed Declarations of Class Representative (Ronell Koeppen) and Settlement

24  Administrator (Nick Castro of ILYM Group) in support thereof; as well as the previously-filed

25  Notice of Motion and Motion for Attorneys' Fees and Costs, and the Declarations of Class

26  Counsel (Joanna Ghosh) in support thereof; the pleadings and other records on file with the

27  Court in this matter; and upon such documentary evidence and oral argument as may be

28  presented at the hearing on this Motion.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

Dated: July 11, 2024

LAWYERS *for* JUSTICE, PC

By: _____

Yasmin Hosseini
*Attorney for* Plaintiff and the Class

ii

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TABLE OF CONTENTS**

I.      SUMMARY OF MOTION..................................................................................... 1

II.     PROCEDURAL HISTORY AND FACTUAL BACKGROUND................................ 2

III.    SUMMARY OF THE SETTLEMENT TERMS AND PLAN OF DISTRIBUTION . 4

IV.     THE SETTLEMENT ADMINISTRATION PROCESS...................................... 6

V.      THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS ACTION

        SETTLEMENT. ................................................................................................ 7

        A.    The Settlement Resulted from Arm's-Length Negotiations Based Upon

              Extensive Investigation and Discovery.................................................. 8

        B.    The Risks Inherent in Continued Litigation Favor Final Approval of the

              Settlement. .......................................................................................... 11

        C.    The Settlement Is Fair, Reasonable, and Adequate........................... 12

        D.    The Class Was Represented by Competent Counsel. ........................ 13

        E.    There Are No Notice of Objections to the Settlement. ..................... 14

VI.     THE SETTLEMENT ADMINISTRATION COSTS ARE FAIR AND

        REASONABLE AND SHOULD BE APPROVED.......................................... 14

VII.    THE REQUESTED CLASS REPRESENTATIVE ENHANCEMENT PAYMENT

        IS FAIR AND REASONABLE, AND SHOULD BE APPROVED.................... 15

VIII.   CONCLUSION ................................................................................................ 16

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135 ....... 8, 14

4

*Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43 ................................................................. 7, 8

5

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794 ............................................................ 8, 14

6

*In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127

7

   F.Supp.2d 418 ...................................................................................................................... 13

8

*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224 ............................................... 8, 14

9

**Other Authorities**

10

Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47 ...................................... 13

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiff Ronell Koeppen ("Plaintiff" or "Class Representative") seeks final approval of the Joint Stipulation of Class Action Settlement and Release and Amendment No.1 to Joint Stipulation of Class Action Settlement and Release (together "Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, individually and on behalf of all others similarly situated, and Defendant Carvana, LLC ("Defendant")[1] (collectively with Plaintiff, the "Parties").

The Settlement provides for a Gross Settlement Amount of ($1,050,000.00) and seeks relief on behalf of the following Class:

> All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time from December 16, 2016 to January 1, 2024 ("Class" or "Class Members."). Settlement Agreement ¶ 5.

Plaintiff moves for final approval of all payments allocated and provided for by the Settlement, to be paid from the Gross Settlement Amount, including but not limited to, Class Representative Enhancement Payment in the amount of $7,500.00 to Plaintiff, attorneys' fees in the amount of $367,500.00, which is thirty-five percent (35%) of the Gross Settlement Amount, and reimbursement of litigation costs and expenses in the amount of $11,870.29 (together, Attorney's Fees and Costs")[2] to Lawyers *for* Justice, Settlement Administration Costs in the amount of $11,000.00 to ILYM Group, Inc. ("Settlement Administrator").

The Settlement is fair, adequate, and reasonable, and is the product of arm's-length, good-faith negotiations by experienced counsel, presided over by a highly regarded mediator who is experienced in mediating wage-and-hour class action lawsuits. The Settlement has been

---

[1] A copy of the fully-executed Settlement Agreement is attached as "EXHIBIT 1" to the Declaration of Annabel Blanchard in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Blanchard Decl.") (Docket No. 40-1)

[2] In the interest of judicial efficiency, and in support of the allocations and requests for the Attorneys' Fees and Costs, Plaintiff respectfully refers the Court to Plaintiff's Motion for Attorneys' Fees and Costs, and papers in support thereof, filed concurrently herewith, on May 30, 2024. (Docket Nos. 56, 56-1, and 56-2)

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1  well received by the Class—as of the date of this motion, *not a single Class Member has*

2  *objected to the Settlement*.[3]

3      Accordingly, the Court should grant final approval of the Settlement, and all payments

4  allocated and provided for by the Settlement Agreement.

5  **II.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

6      Defendant Carvana LLC ("Defendant") is a platform for customers to buy and finance

7  used cars online. Plaintiff Ronell Koeppen was employed by Defendant from approximately

8  January 2020 to approximately July 2020. Declaration of Ronell Koeppen (Docket No. 40-2)

9  ("Koeppen Decl."), ¶ 2.

10     On December 16, 2020, Plaintiff filed a Class Action Complaint for Damages in the

11 Superior Court of California for the County of Alameda, Case No. RG20084625.

12     On December 16, 2020, Plaintiff provided written notice to the Labor and Workforce

13 Development Agency ("LWDA") and Defendant of Plaintiff's intent to seek civil penalties for

14 alleged violation of the California Labor Code and Industrial Welfare Commission Wage Orders

15 ("PAGA Notice").

16     On February 22, 2021, Plaintiff filed a First Amended Complaint for Damages &

17 Enforcement Under the Private Attorneys General Act, Cal. Labor Code § 2698, Et Seq. in the

18 Alameda County Superior Court. Although Plaintiff alleged a cause of action under PAGA in the

19 above-captioned action, the Settlement Agreement provides that the Parties acknowledge that no

20 amount of the Gross Settlement Amount is allocated to Plaintiff's claim for civil penalties

21 pursuant to PAGA, in light of the existence of a prior PAGA claim against Defendant,

22 *Barrientos v. Carvana, LLC*, *et al*., Orange County Superior Court Case No, 30-2020-01173904.

23 The Settlement Agreement provides that Plaintiff will not seek to intervene in the *Barrientos*

24 matter or object to the request for approval of the PAGA settlement in *Barrientos*. The

25 Settlement Agreement further provides that, in conjunction with the motion for final approval of

26

27 [3] As of the date of this motion, the Response Deadline of July 22, 2024 has not yet passed.  The Parties will submit a
   supplemental declaration of the Settlement Administrator after the July 22, 2024 Response Deadline, prior to the
28 August 22, 2024 hearing on Plaintiff's Motion for Final Approval.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

the Settlement, Plaintiff will request that the Court dismiss the PAGA claim in the above-captioned action without prejudice.

On March 19, 2021, the class action was removed to the United States District Court for the Northern District of California ("Court").

Plaintiff's core allegations are that Defendant has violated the California Labor Code and California Business and Professions Code by, *inter alia*, failing to properly pay minimum and overtime wages, failing to provide compliant meal and rest periods and associated premium pay, failing to timely pay wages during employment and upon termination and associated waiting time penalties, failing to provide compliant wage statements, and failing to reimburse necessary business-related expenses. As a result, Plaintiff contends that she and the Class Members are entitled to, *inter alia*, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendant denies any liability of any kind associated with the claims and allegations, and further denies that Plaintiff and the Class Members are entitled to any relief. Defendant also denies that this case is appropriate for class or representative treatment for any purpose other than the Settlement. Defendant maintains, among other things, that is has complied with applicable state and federal laws in all respects.

On February 14, 2022, the parties participated in a private mediation before Jeffrey A. Ross, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. With the aid of the mediator's evaluation and proposal, the Parties reached a settlement to resolve the lawsuit.

On November 30, 2023, Plaintiff filed the Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") and supporting documents (Docket Nos. 40, 40-1, 40-2, & 40-3). On January 10, 2024, the Court raised multiple questions regarding the Motion for Preliminary Approval and ordered a joint statement or separate statements to be filed regarding the questions raised by the Court, setting a deadline of January 24, 2024 for the filing of the papers. Thereafter, Defendant required more time to gather and confirm information and

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

data relevant to addressing the Court's questions, as such, the parties filed multiple stipulations seeking an extension of time to file the papers, and ultimately, the Court set a deadline of April 24, 2024 for the filing of the papers. On April 24, 2024, Plaintiff filed supplemental papers in support of Plaintiff's Motion for Preliminary Approval. (Docket Nos. 50, 50.1, & 50-2). On May 3, 2024, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Docket No. 53), thereby preliminarily approving the terms of the Settlement, the Class Notice, and the proposed administration procedures and associated deadlines. On May 21, 2024, the Court entered an Order granting the parties' Joint Stipulation to Modify Preliminary Approval Order (Docket No. 55), which modified the Class Period from the time period of December 16, 2016 to Preliminary Approval, to the shortened time period of December 16, 2016 to January 1, 2024, and modified the deadline for Plaintiff to file a motion for attorneys' fees and costs from May 23, 2024 to May 30, 2024. The Preliminary Approval Order orders Class Counsel to file the Motion for Final Approval of Class Action Settlement, Class Representative Enhancement Payment, and Settlement Administration Costs by July 11, 2024. The Final Approval Hearing is scheduled to take place on August 22, 2024 at 10:00 a.m. before the Honorable Thomas S. Hixson.

Plaintiff now moves for final approval of the Settlement.

## III.    <u>SUMMARY OF THE SETTLEMENT TERMS AND PLAN OF DISTRIBUTION</u>

Under the terms of the Settlement Agreement, Defendant will pay a Gross Settlement Amount of $1,050,000.00.  Settlement Agreement ¶ 15.  Subject to approval by the Court, the Net Settlement Amount will be calculated by deducting the following amounts from the Gross Settlement Amount: (1) attorneys' fees in an amount of $367,500.00 (i.e., up to 35% of the Gross Settlement Amount) and reimbursement of costs and expenses of $11,870.29 to Class Counsel (collectively referred to as the "Attorneys' Fees and Costs"); (2) settlement administration costs of $11,000.00 to the Settlement Administrator, ILYM Group ("Settlement Administration Costs"); and (3) Class Representative Enhancement Payment in the amount of

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  $7,500.00 to Plaintiff Ronell Koeppen ("Class Representative Enhancement Payment").

2  Settlement Agreement ¶¶ 33, 34, & 35.

3   The Net Settlement Amount, which is estimated to be $652,129.71 will be distributed to

4  Participating Class Members in accordance with the Settlement Agreement.  ILYM Decl. ¶ 14.

5  The Settlement Administrator will calculate each Participating Class Member's share of the

6  available Net Settlement Amount ("Individual Settlement Payment") by dividing the Class

7  Member's individual Workweeks by the total number of Workweeks worked by all Class

8  Members, then multiplying the resultant fraction by the Net Settlement Amount to arrive at the

9  Class Member's Individual Settlement Share.  Settlement Agreement ¶ 37.a.

10   Class Members had forty-five (45) calendar days after the initial mailing of the Class

11  Notice to Class Members to opt out of the Settlement, object to the Settlement, and/or dispute the

12  number of Workweeks to which they were credited ("Response Deadline"). *Id*. ¶ 26.   The

13  Response Deadline is July 22, 2024. ILYM Decl., ¶¶ 11, 12, & 13.  ***As of the date of this Motion,***

14  ***the Settlement Administrator has received one (1) written requests for exclusion from the***

15  ***Settlement ("Request for Exclusion") and no written objections to the Settlement ("Notice of***

16  ***Objection") from Class Members. Id***., ¶¶ 11 & 12.[4]

17   All Individual Settlement Payments will be allocated as follows: twenty percent (20%) as

18  wages (the "wage portion"), which will be reported on an IRS Form W-2; and the remaining

19  eighty percent (80%) as non-wages (for interest and penalties) which will be reported on an IRS

20  Form 1099. Settlement Agreement, ¶ 51.   The Settlement Administrator will reduce the

21  employee's share of taxes and withholdings.  *Id.*, ¶ 14.  Defendant will be separately responsible

22  for any employer payroll taxes required by law, including, but not limited to, the employer FICA,

23  FUTA, and SDI contributions, which shall not be paid from the Gross Settlement Amount and

24  shall be paid by Defendant separately and in addition to the Gross Settlement Amount.  *Id*., ¶ 15.

25

26

---

27  [4] As of the date of this motion, the Response Deadline of July 22, 2024 has not yet passed.  The Parties will submit a supplemental declaration of the Settlement Administrator after the July 22, 2024 Response Deadline, prior to the August 22, 2024 hearing on Plaintiff's Motion for Final Approval.

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Funds represented by Individual Settlement Payment checks returned as undeliverable and Individual Settlement Payment checks remaining un-cashed for more than one hundred and eighty (180) calendar days after issuance will be cancelled and the funds associated with the un-cashed checks will be tendered to the California State Controller as unclaimed property in the name of the Class Member. *Id*., ¶ 49.

## IV.    THE SETTLEMENT ADMINISTRATION PROCESS

The Court-appointed Settlement Administrator, ILYM Group, Inc., has taken all necessary steps to effectuate the notice and settlement administration process, as set forth in the Court's May 3, 2024 Preliminary Approval Order.

On May 20, 20204, ILYM Group received the Court-approved text for the Class Notice. ILYM Decl., ¶ 4.

On May 23, 2024, ILYM Group received a mailing list from Defendant's counsel that contained each Class Member's (1) full name, (2) most recent mailing address, (3) last-known telephone number, (4) last-known email address, (5) Social Security Number, (6)  dates of employment, (7) the respective number of workweeks that each Class Member worked during the Class Period, and (8) and any other relevant information needed to calculate settlement payment (collectively, "Class List"). ILYM Decl., ¶ 5. The Class List contained information for one thousand five hundred and forty (1,540) individuals identified as Class Members. *Id*. ILYM Group processed the names and addresses through the National Change of Address Database ("NCOA") and updated the Class List with any updated addresses located. *Id*., ¶ 6.

On June 7, 2024, ILYM Group mailed the Class Notice via first class mail to one thousand five hundred and forty (1,540) individuals identified as Class Members in the Class List. *Id*., ¶ 7.

As of the date of this Motion, one (1) Class Notice was returned as undeliverable with a forwarding address, and ILYM Group promptly re-mailed the Class Notice to the forwarding addresses. *Id*., ¶ 8. Two hundred and two (202) Class Notices were returned as undeliverable without forwarding addresses. *Id*. ILYM Group performed a skip-trace search on the two

hundred and two (202) Class Notices that were returned to ILYM Group without forwarding addresses, located an updated address for one hundred and sixty-two (162) Class Members, and promptly re-mailed the Notice to the updated addresses. *Id.* Ultimately, as of the date of this Motion, forty (40) Class Notices remain undeliverable because an updated address was not located through skip-tracing or the Class Notice was returned as undeliverable a second time. *Id.*, ¶ 10.

As of the date of this Motion, the Settlement Administrator has not received any Notices of Objections from Class Members. *Id.*, ¶ 12. As of the date of this Motion, the Settlement Administrator has received one (1) Request for Exclusion from Class Members. *Id.*, ¶ 11.[5]

To date, there are one thousand five hundred and thirty-nine (1,539) Class Members who did not submit a timely and valid Request for Exclusion ("Participating Class Members", and who will be paid their portion of the Net Settlement Amount. ILYM Decl., ¶ 14. Pursuant to the terms of the Settlement, the Net Settlement Amount of approximately $652,129.71 will be distributed to Participating Class Members in accordance with the terms of the Settlement. ILYM Decl., ¶ 14. The highest Individual Settlement Share is currently estimated to be $2,882.36 and the average Individual Settlement Payment is currently estimated to be $423.74. *Id.*, ¶ 14.

## V.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT.

The trial court has broad discretion to determine whether a class action settlement is fair and reasonable. *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 52. To determine whether the settlement is fair and reasonable, courts consider relevant factors such as:

> the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement.

---

[5] As of the date of this motion, the Response Deadline of July 22, 2024 has not yet passed. The Parties will submit a supplemental declaration of the Settlement Administrator after the July 22, 2024 Response Deadline, prior to the August 22, 2024 hearing on Plaintiff's Motion for Final Approval.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801.  "The list of factors is not exclusive and the court is free to engage in a balancing and weighing of the factors depending on the circumstances of each case."  *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 245. "Due regard should be given to what is otherwise a private consensual agreement between the parties."  *Dunk*, *supra*, 48 Cal.App.4th at 1801.

The proponent of the settlement has the burden to show that it is fair and reasonable. *Wershba*, *supra*, 91 Cal.App.4th at 245.  At the final approval stage, a presumption of fairness exists where, as here: "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small."  *Dunk*, *supra*, 48 Cal.App.4th at 1802.  In reviewing a class settlement, the court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute. *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135, 1146. The inquiry is not whether the settlement agreement is the best one that class members could have possibly obtained, but whether the settlement, taken as a whole, is "fair, adequate, and reasonable."  *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 55.  A settlement need not obtain 100 percent of the damages sought in order to be fair, reasonable, and ultimately, meaningful.  *Wershba*, *supra*, 91 Cal.App.4th at 251.  Even if the proposed settlement affords relief that is substantially narrower than it would be if the case were to be successfully litigated, that is no bar to a class settlement because the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding prolonged litigation.  *Id*.

**A.**   **The Settlement Resulted from Arm's-Length Negotiations Based Upon Extensive Investigation and Discovery.**

The Parties actively litigated the case since it commenced on December 16, 2020.  Noth sides used the pre-mediation time period to investigate the veracity, strength, and scope of the claims, and Class Counsel was actively preparing the matter for class certification and trial.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Declaration of Joanna Ghosh in Support of Plaintiff's Motion for Attorneys' Fees and Costs ("Ghosh Decl."), ¶ 7.

The Parties exchanged a large volume of information, documents, and data throughout the course of the litigation and in connection with mediation and settlement negotiations. *Ibid*. The information, data, and documents reviewed and analyzed by Class Counsel included, and were not limited to, Plaintiff's employment records, job description, earning statements, a sampling of class time and pay data, Employee Handbooks, as well as Defendant's employment and operations policies, practices, and procedures documents (including, but not limited to, employee meal period waiver form, time clock correction form, paid time off plan, timekeeping policy, break and meal periods policy, overtime and work off the clock policy, fit for duty policy, information systems security policy, acknowledgment of receipt of California meal period and rest break policy), among other information and documents. *Ibid*. Class Counsel also developed liability, damages, violation, and penalties valuation models in the course of litigation and in connection with mediation and settlement negotiations, and met and conferred with Defendant's counsel on numerous occasions, e.g., to discuss issues relating to the pleadings, case management, contemplated motion practice, jurisdiction, and the production of information, documents, and data in the course of litigation and in connection with mediation and settlement negotiations. *Ibid*. Class Counsel had the opportunity to interview and obtain information from Plaintiff and percipient witnesses, and reviewed and analyzed a large amount of information, data, and documents obtained from Plaintiff, Defendant, and other sources. *Ibid*. Class Counsel developed liability, damages, and penalties valuation models in the course of litigation and in connection with mediation and settlement negotiations. Class Counsel also met and conferred with Defendant's counsel on numerous occasions, e.g., to discuss issues relating to the pleadings, case management, discovery, the production of information, documents, and data in the course of litigation and in connection with mediation and settlement negotiations, and mediation and settlement. Other work performed by Class Counsel included, and was not limited to, case strategy and analysis; researching, drafting, reviewing, and revising pleadings, motion-related

papers, the mediation brief, and settlement documents; and preparing for and attending mediation, among other tasks.  Ghosh Decl., ¶ 7.

After conducting significant into the facts and law during the prosecution of the case, counsel for the parties engaged in extensive settlement negotiations to try to resolve the matter. These efforts included participating in a formal, full-day mediation conducted by Jeffrey A. Ross, Esq., a well-respected mediator experienced in mediating complex wage-and-hour matters. Ghosh Decl., ¶ 9.  In the course of mediation and settlement discussions, the Parties exchanged information, documents, and data, and discussed various aspects of the case, including the risks and delays of further litigation, the risks and expenses to the Parties of proceeding with class certification, the law relating to off-the-clock theory, meal and rest periods, and wage-and-hour enforcement, as well as the evidence produced and analyzed, and the possibility of appeals, among other things.  *Ibid.*  During all settlement discussions, the Parties conducted their negotiations at arm's length in an adversarial position.  *Ibid.*  Arriving at a settlement that was acceptable to both Parties was not easy.  Defendant and its counsel felt strongly about their ability to prevail on the merits and at certification, and Plaintiff and Class Counsel believed that they would be able to obtain class certification and prevail at trial.  *Ibid.*  With the aid of the mediator's evaluation, the parties ultimately agreed that the case was well-suited for settlement given the legal issues relating to Plaintiff's principal claims, as well as the costs and risks to the parties that would attend further litigation.  *Ibid.*

The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial and/or appeals. Class Counsel had the opportunity to interview and obtain information from their respective witnesses.  Ghosh Decl., ¶ 7.  Class Counsel analyzed a large amount of information, data, and documents obtained from Plaintiff, Defendant, and through other sources, which provided a critical understanding of the nature of the work performed by the Class Members, as well as Defendant's operations and employment policies, practices, and procedures, and were used in analyzing liability, damages, and valuation issues in connection with all phases of the litigation,

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

and ultimately with the mediation and settlement negotiation process. *Id*., ¶ 8. Class Counsel also performed significant research into the applicable law, which is evolving as it relates to class certification, manageability, off-the-clock theory, meal and rest periods, wage-and-hour law enforcement, Plaintiff's claims and allegations, and Defendant's defenses thereto, as well as facts discovered. *Ibid*. The Settlement Agreement reached was based on this large volume of facts, evidence, and investigation. *Id*., ¶¶ 7 & 9. Additionally, Class Counsel has extensive experience in handling complex wage-and-hour matters, including significant experience in employment class action litigation. *Id.,* ¶¶ 14-19.

**B.    The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement.**

The Settlement, which provides for a Gross Settlement Amount of $1,050,000.00, represents a fair, adequate, and reasonable resolution of the case, given the risks inherent in litigating class and representative claims through certification proceedings, trial, and/or appeals. *Id*., ¶¶ 9 & 21. The Settlement was calculated using the information and data uncovered during through extensive case investigation and the exchange of information in the context of mediation. *Id*., ¶¶ 4-9. Had the action not settled, Defendant would have vigorously challenged class certification, and liability. Defendant contended that individualized questions of fact predominated over any common issues, and these issues would pose challenges to certification. Defendant would have likely argued again at trial, if any, that Plaintiff's claims were not appropriate for class-wide adjudication. On the other hand, Defendant also faced the risk of the Court certifying a class and allowing a jury to decide Plaintiff's claims on a class-wide or representative basis. Additionally, preparation for trial would have been expensive for all parties.

It is preferable to reach an early resolution of a dispute because such resolutions save time and money that would otherwise go to litigation. If this matter had settled after further litigation, the settlement amount would have taken into account the additional costs incurred, and there might have been less money available for Class Members after all was said and done. This

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

is not just an abstract contention.  The risks and expenses of further litigation outweighed any benefit that might have been gained otherwise. These risks of further litigation include a determination that the claims were unsuitable for class treatment adjudication, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the case, and the real possibility of no recovery after years of litigation. Additionally, the Parties were moving into the phase of the litigation where they would have to conduct a significant amount of additional discovery, including and not limited to, depositions of Defendant's Person Most Knowledgeable designees, expert witnesses, and percipient witnesses, such as managers, supervisors, and other current and former employees throughout the State of California.  More discovery would have certainly followed, which would have cost the Parties additional time and money. In contrast, the Settlement provides real and significant benefits for the Class here and now, while avoiding the further expenses, risks, and delay of prolonged litigation with only the possibility of recovery.

It would be grossly inefficient for such a large class of current and former employees to bring individual actions to recover from Defendant for the alleged violations of wage-and-hour laws.  Moreover, the potential individual recovery that could be obtained by a Class Member would not be significant enough to provide him or her with the incentive to sue. By granting final approval of the Settlement, the Court can approve a resolution that provides a certain and substantial recovery for Class Members.

### C.    The Settlement Is Fair, Reasonable, and Adequate.

The Settlement, which provides for a Gross Settlement Amount of $1,050,000.00, represents a fair, reasonable, and adequate resolution of the case.  The Settlement was calculated using information and data uncovered through extensive case investigation, and the exchange of information in the context of preparing for mediation and conducting ongoing settlement negotiations.  The Settlement takes into account the potential risks and rewards inherent in any case and, in particular, in this matter.  Moreover, considering all of the facts in the case, the Gross Settlement Amount represents a considerable recovery.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Even after deducting attorneys' fees in the amount of $367,500.00, litigation costs and

2    expenses in the amount of $11,870.29, Class Representative Enhancement Payment in the

3    amount of $7,500.00, and Settlement Administration Costs in the amount of $11,000.00, and the

4    Net Settlement Amount is currently estimated to be $652,129.71.  ILYM Decl., ¶ 14.  Under the

5    Settlement Agreement, the Gross Settlement Amount will be fully paid out, in accordance with

6    the terms of the Settlement.  As discussed in Section III, *supra*, each Participating Class Member

7    will be paid a *pro rata* share of the Net Settlement Amount, based on the number of Workweeks

8    credited to him or her. To date, there are one thousand five hundred and thirty-nine (1,539)

9    Participating Class Members, representing 99.94% of the Class.  *Id*.  The highest Individual

10   Settlement Share to a Participating Class Member is currently estimated to be $2,882.36. and the

11   *average* Individual Settlement Share is currently estimated to be at least $423.74.  *Id*.  These are

12   significant recoveries, particularly in light of the risks of litigation.

13        At the final approval stage, "[a]n allocation formula need only have a reasonable, rational

14   basis [to warrant approval], particularly if recommended by experienced and competent class

15   counsel."  *In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001)

16   127 F.Supp.2d 418, 429-30.   The *pro rata* allocation here is a fair and reasonable way to

17   distribute the Net Settlement Amount.   In light of the above considerations, Class Counsel

18   believe that the Settlement as a whole is fair, reasonable, and adequate, and in the best interest of

19   the Class Members.  Ghosh Decl., ¶ 22.  Although the recommendations of Class Counsel are

20   not conclusive, the Court can properly take the recommendations into account, particularly if

21   Class Counsel appears to be competent, have experience with this type of litigation, and

22   significant discovery and investigation have been completed, as is the case here.  Conte &

23   Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47. Accordingly, the Court should

24   grant final approval of the Settlement.

25        **D.    The Class Was Represented by Competent Counsel.**

26        Class Counsel has extensive experience in employment class action law and complex

27   wage-and-hour litigation.  *Id.*, ¶¶ 14-19.  Lawyers *for* Justice, PC has been appointed class

28

13

counsel in numerous complex wage-and-hour cases, and have recovered millions of dollars for individuals in California. *Id*., ¶¶ 16-19. Both Parties' counsel were capable of assessing the strengths and weaknesses of the Class Members' claims against Defendant and the benefits of the Settlement under the circumstances of the case and in the context of a private, consensual settlement agreement.

### E.    There Are No Notice of Objections to the Settlement.

The Settlement has been well received by the Class – as of the date of this motion, ***not a single Class Member objected to the Settlement and only (1) Class Member request exclusion from the Settlement***. ILYM Decl., ¶¶ 11 & 12.  Specifically, no objections have been made as to the Gross Settlement Amount or requested Attorneys' Fees and Costs, Class Representative Enhancement Payment, and Settlement Administration Costs. California courts have consistently found that a small number of objectors indicates the class' support for a settlement and strongly favors final approval. *Wershba*, *supra*, 91 Cal.App.4th at 250-51 (final approval granted despite 20 objectors); *7-Eleven Owners*, *supra*, 85 Cal.App.4th at 1152-53 (final approval granted despite 9 objectors).

Here, the lack of any objections speaks volumes about the fairness, reasonableness, and adequacy of this Settlement. Accordingly, the Settlement as a whole is presumed to be fair, reasonable, and adequate, and the Court should grant final approval of the Settlement in its entirety. *Dunk*, *supra*, 48 Cal.App.4th at 1802.

## VI.    THE SETTLEMENT ADMINISTRATION COSTS ARE FAIR AND REASONABLE AND SHOULD BE APPROVED.

As set forth in the accompanying ILYM Declaration, the total costs incurred and to be incurred by ILYM for the notice and settlement administration process are $11,000.00. ILYM Decl., ¶ 15. The costs incurred and to be incurred include, but are not limited to, mailing a Class Notice in English to each Class Member; receive, review, and process Requests for Exclusion, Notices of Objection, and Workweeks disputes; calculate estimate Individual Settlement Shares and Individual Settlement Payments; conduct tax reporting on the Individual Settlement

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Payments, issue 1099 and W-2 Forms, distribute Class Notices, calculate and distribute the Net

2    Settlement Amount, provide necessary reports and declarations, among other things.  *Id.*, ¶ 3.

3        Accordingly, the Court should grant final approval of payment to ILYM, a necessary

4    third-party for handling of the notice and settlement process, in the amount of $11,000.00.

5    **VII.    THE REQUESTED CLASS REPRESENTATIVE ENHANCEMENT PAYMENT**

6            **IS FAIR AND REASONABLE, AND SHOULD BE APPROVED.**

7        The Settlement provides for a Class Representative Enhancement Payment in the amount

8    of $7,500.00 to Plaintiff Ronell Koeppen to compensate Plaintiff for the time and effort that was

9    expended in this matter.  The requested Class Representative Enhancement Payment is both

10   common and reasonable and should be awarded.

11       In determining whether to make service payments, courts consider the following factors:

12   (1) the risk to the class representative in commencing suit, both financial and otherwise; (2) the

13   notoriety and personal difficulties encountered by the class representatives; (3) the amount of

14   time and efforts spent by the class representatives; (4) the duration of the litigation; and (5) the

15   personal benefit (or lack thereof) enjoyed by the class representatives as a result of the litigation.

16   *Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294, 299 (approving $50,000

17   award to a single class representative).

18       The requested Class Representative Enhancement Payment is fair and appropriate

19   because Plaintiff spent a substantial amount of time and effort producing relevant documents and

20   past employment records, as well as providing the facts and evidence necessary to attempt to

21   prove the allegations.  Declaration of Ronell Koeppen ("Koeppen Decl."), ¶¶ 3-5.  Plaintiff was

22   available whenever Class Counsel needed him and actively tried to obtain, and gave, information

23   that would facilitate the pursuit of class claims.  *Id.*  Plaintiff spent numerous hours speaking

24   with Class Counsel about his claims, describing his work experiences with Defendant, and

25   gathering and reviewing documents. *Id.*, ¶ 2-6. These services merit the requested Class

26   Representative Enhancement Payment to Plaintiff, who has not received any compensation for

27   his efforts in this matter to date.  *Id.*, ¶ 8.

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND
AUTHORITIES**

The requested Class Representative Enhancement Payment was fully disclosed in the Class Notice that was mailed to the Class Members. No objections were made with regards to the requested Class Representative Enhancement Payment. Accordingly, it is appropriate and just for Plaintiff Ronell Koeppen to receive $7,500.00 as a reasonable Class Representative Enhancement Payment, for his services in this case, in addition to his individual settlement payment.

## VIII.  <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the Settlement, and all payments allocated and provided for by the Settlement Agreement, including and not limited to the Individual Settlement Payments to Participating Class Members, the Class Representative Enhancement Payment to Ronell Koeppen, and the Settlement Administration Costs to the Settlement Administrator, in their entirety, as sought herein.

Dated: July 11, 2024

**LAWYERS** *for* **JUSTICE, PC**

By: _____
Yasmin Hosseini
*Attorneys for* Plaintiff and the Class

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES